UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE DE SHAWN CARTER
#401641,

       Petitioner,                                 Case No. 1:08-cv-849

v.                                                 HON. JANET T. NEFF

BLAINE C. LAFLER,

       Respondent.
_____/

## OPINION

This is a petition for habeas corpus relief made pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on January 24, 2011, recommending denial of the petition (Dkt 27). Petitioner did not timely object to the Report and Recommendation, and this Court entered an Order on February 16, 2011, adopting the Magistrate Judge's Report and Recommendation (Dkt 28). On March 21, 2011, Petitioner filed a Motion for Extension of Time (Dkt 29) to object to the Report and Recommendation, which the Magistrate Judge granted (Dkt 31). Petitioner filed his objections on April 15, 2011 (Dkt 32). The Court therefore vacates its prior Order approving and adopting the Magistrate Judge's Report and Recommendation, and, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), has performed de novo consideration of those portions of the Report and Recommendation to which Petitioner now makes objections. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

## I. DISCUSSION

Following a jury trial, Petitioner was convicted of possession with intent to deliver 450 grams or more, but less than 1,000 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii); and possession of a firearm by a person convicted of a felony, MICH. COMP. LAWS § 750.224f(2). Petitioner was sentenced as an habitual offender, third offense, MICH. COMP. LAWS § 769.11, to 17 to 45 years' imprisonment for the cocaine conviction, and to 18 months to 10 years' imprisonment for the felon-in-possession conviction. Petitioner, who is presently serving these sentences, filed this petition for habeas corpus relief, raising five grounds for review (Dkt 1). The Magistrate Judge found that all "the issues presented in Petitioner's motion for relief from judgment are without merit" and recommended that the Court deny Petitioner's habeas petition (Dkt 27 at 34). Petitioner's objections to the Report and Recommendation challenge different aspects of the Magistrate Judge's analysis of only the first ground presented for habeas relief, to wit: whether the prosecution adequately proved that Petitioner "possessed" the drugs in question when he was arrested.

### A. Sufficiency of the Evidence of Possession

First, Petitioner generally challenges the sufficiency of the evidence supporting his cocaine conviction (Pet'r Obj., Dkt 32 at 2). Specifically, Petitioner argues that he did not have "dominion and control" over all eighteen ounces of cocaine, as the first element of possession with intent to deliver cocaine requires (*id.*). In Petitioner's view, he never came to possess the drugs because the police "never heard petitioner say he was satisfied with the quality of the cocaine and that he would take it" and "[t]here was no testimony that petitioner chose to complete the transaction by handing the keys over to Detective Parker" (*id.* at 3-4).

2

The Magistrate Judge's Report and Recommendation correctly indicates that "[p]ossession may be either actual or constructive, and may be joint or exclusive" (R&R, Dkt 27 at 17) (citing *People v. Wolfe*, 489 N.W.2d 748, 752 (Mich. 1992)). A person may constructively possess cocaine "when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *Wolfe*, 489 N.W.2d at 754. "Possession may be found even if the person is not the owner of the recovered narcotics." *Id.* at 753. "Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance." *Id.*

Here, as the Magistrate Judge determined, there was sufficient evidence in the record to permit a rational jury to conclude that Petitioner had actual or constructive control over the drugs. "The purpose behind the meeting was for Petitioner to buy cocaine," and "[t]he drugs were located in close proximity to the car" (R&R, Dkt 27 at 20). When the detective produced the bag containing the drugs, Petitioner "grabbed the bag" from the detective and "placed it in his lap" (*id.* at 19). The detective asked Petitioner to "check the cocaine out," at which point Petitioner answered, "I'll check it out when I get to where I'm going" (*id.* at 6). The detective then asked Petitioner to check the contents of the bag; Petitioner "looked into the bag and pulled out three ounces" (*id.*). The Magistrate Judge properly concluded that the totality of these circumstances demonstrates that Petitioner intended to exercise "dominion and control over the drugs" and that "[e]ven if Petitioner did not *actually* possess the fifteen ounces of cocaine in the McDonald's bag, he *constructively* possessed those fifteen ounces," in addition to the three ounces he removed while inspecting the cocaine (*id.* at 20) (emphases added). Petitioner's argument demonstrates no factual or legal error by the Magistrate Judge, and the objection is therefore denied.

**B. Constructive Possession**

Next, Petitioner disagrees with the Magistrate Judge's use of the word "intended" in the sentence "[t]he totality of the circumstances show that petitioner intended to exercise dominion and control over the drugs" (Pet'r Obj., Dkt 32 at 5) (quoting Dkt 27 at 20).  Petitioner argues that "it is insufficient for a conviction under Michigan law to merely show that Petitioner intended to exercise dominion and control" (*id.*).  Petitioner argues that "the prosecutor was required to show that Petitioner 'knowingly ha[d] the power and intention to exercise dominion and control over the drugs either directly o[r] through another person'" (*id.*) (quoting *People v. Burgenmeyer*, 606 N.W.2d 645, 649 n.12 (Mich. 2000)).

As previously determined by the Michigan Court of Appeals, Petitioner "was not merely present in the car where the cocaine was located, but rather, was present for the express and previously agreed purpose of purchasing the eighteen ounces of cocaine actually handed to him while in the car" (R&R, Dkt 27 at 18) (quoting *People v. Carter*, No. 253942, 2005 WL 1123855, at *1-2 (Mich. Ct. App. May 12, 2005)).  Petitioner had knowledge that the bag contained cocaine when he took the bag from the detective.  Petitioner's intent to leave with the bag—and thereby gain control over it—is evident from his statement, "I'll check it out when I get to where I'm going," a statement he made following the detective's instruction that he inspect the bag's contents (*id.* at 6). The Magistrate Judge correctly concluded that "[a] rational jury, therefore, could conclude that petitioner had constructive possession over the fifteen ounces of cocaine in the McDonald's bag" (*id.* at 20).  Petitioner's argument again demonstrates no factual or legal error by the Magistrate Judge, and the objection is therefore denied.

    **C.  Joint Possession**

Petitioner next indicates that he objects to "the Magistrate's conclusion that 'possession may be joint'" (Pet'r Obj., Dkt 32 at 8). However, Petitioner's argument in support of his objection states that "while possession may be joint, that was not the case here as Petitioner did not possess the cocaine" (*id.* at 8-9). The Court therefore denies this objection, having already considered and approved the Magistrate Judge's determination that sufficient evidence in the record supports the conclusion that Petitioner possessed the drugs.

### D.  Ownership

Lastly, Petitioner objects to the Magistrate Judge's statement that "Petitioner could still possess the cocaine even though he did not own the cocaine" (Pet'r Obj., Dkt 32 at 9) (quoting R&R, Dkt 27 at 20). Petitioner again reiterates his contention that he did not exercise "dominion and control" over the illegal drugs (*id.*). The Court denies this objection as well, having already considered and approved the Magistrate Judge's determination that sufficient evidence in the record supports the conclusion that Petitioner possessed the drugs.

### II.  CERTIFICATE OF APPEALABILITY

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

### III.  CONCLUSION

A Final Order will be entered consistent with this Opinion.


DATED: July 18, 2011                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge